UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:15-cr-210-KJN |
| Plaintiff, | |
| v. | ORDER |
| JAMES A. CHAVEZ, | |
| Defendant. | |

Presently pending before the court is defendant James A. Chavez's motion to dismiss, which was filed on February 18, 2016. (ECF No. 14.) The United States filed an opposition to the motion on February 25, 2016. (ECF No. 15.) Defendant filed a reply brief on March 3, 2016. (ECF No. 16.) At the March 9, 2016 hearing on the motion, attorney Benjamin Nelson appeared on behalf of the United States, and attorney Steve Whitworth appeared on behalf of defendant.[1] After carefully considering the written briefing and oral argument, the court DENIES the motion.

---

[1] On March 9, 2016, at 8:41 a.m., less than 20 minutes before the hearing on the motion was to commence, defendant filed a supplemental exhibit in support of the motion. (ECF No. 17.) Neither the court's February 11, 2016 order setting a briefing schedule (ECF No. 13), nor the court's Local Rules permitted such a tardy filing. Because the filing does not materially impact the court's resolution of the motion, the court has exercised its discretion to consider the filing in this instance. However, defendant's counsel is cautioned that future failure to comply with court deadlines may result in sanctions, including the striking of any tardy filing.

1

In the motion, defendant essentially contends that the marijuana possession charge should be dismissed because of a provision appearing in the 2015 and 2016 federal appropriations acts, which states as follows:

> None of the funds made available in this Act to the Department of Justice may be used, with respect to the State[] of…California…, to prevent [it] from implementing [its] own [laws] that authorize the use, distribution, possession, or cultivation of medical marijuana.

Consolidated Continuing Appropriations Act of 2015, § 538; Consolidated Continuing Appropriations Act of 2016, § 542.  While the court recognizes the tension with other federal laws that this appropriations provision arguably creates, defendant's argument is ultimately unpersuasive.

First, the appropriations acts concern funding, and did not repeal or amend federal laws criminalizing the possession of marijuana.  "If Congress intended to legalize the possession of marijuana under federal law, they could have repealed or amended the Controlled Substances Act to accomplish that goal in a straightforward manner."  United States v. Tote, 2015 WL 3732010, at *2 (E.D. Cal. Jun. 12, 2015).  Even assuming, without deciding, that the United States' expenditure of funds to prosecute this action violates the applicable appropriations act, defendant provides no binding authority indicating that the proper remedy for such a violation is dismissal of the criminal charge against defendant, especially given that Congress chose not to repeal the statutory provisions giving rise to that charge.  Id.

Defendant substantially relies on United States v. Marin Alliance for Medical Marijuana, 2015 WL 6123062 (N.D. Cal. Oct. 19, 2015), in which a district judge in the Northern District of California held that the Department of Justice was precluded from enforcing a permanent injunction prohibiting a medical marijuana dispensary from distributing marijuana to the extent that the dispensary complied with California law.  Such reliance is misplaced.  As an initial matter, that decision is not binding on this court, and did not involve the dismissal of criminal charges as a remedy for alleged violation of the appropriations acts.  Moreover, the court has some difficulty reconciling that decision with prior Ninth Circuit case law.  See Olive v. Commissioner of Internal Revenue, 792 F.3d 1146, 1150 (9th Cir. 2015) (holding that marijuana

dispensary could not deduct its business expenses under the federal tax code, at least in part because section 538 of the 2015 appropriations act did not amend or change the interpretation of the Controlled Substances Act passed by a prior Congress); Navarro v. Encino Motorcars, LLC, 780 F.3d 1267, 1276 n.5 (9th Cir. 2015) ("If the Appropriations Committee were to instruct, for instance, that it did not want money spent on enforcing the statutes forbidding cultivation of fewer than five marijuana plants on federal lands, such cultivation would not become lawful.").

Second, even if the court were persuaded by defendant's interpretation of the impact of the appropriations acts, defendant's actions, as alleged by the United States, did not comply with California law. Prior to the hearing, defendant submitted a "Physician Statement and Recommendation" from United Health and Wellness Cannabis Doctors stating that defendant's "medical condition warrants cultivation of up to 99 plants and possession of up to 11 pounds of usable marijuana." (ECF No. 17 at 3.) As the court noted at the hearing, and without prejudging the matter, that appears to be a significant amount of marijuana for personal cultivation and consumption. Moreover, even assuming, without deciding, that that document serves as proper legal authorization for purposes of California law, the United States alleges that defendant was in possession of 118 plants, which defendant's attorney conceded at the hearing would exceed the amount permitted by the recommendation. Therefore, at least at this juncture, dismissal on that basis is not proper.

Third, even if defendant's actions were in compliance with California law, they allegedly took place on federal land. It is unclear how the application of federal criminal statutes, duly enacted and currently in force, to acts done on federal land would interfere with the implementation of California's statutory scheme for medical marijuana. Indeed, nothing in the cited provision of the appropriations acts suggests that Congress intended to affect the federal government's exercise of its police powers over federal land.[2]

---

[2] In the reply brief, as well as at the March 9, 2016 hearing, defendant's counsel raised the issue of a potential mistake of fact defense. However, that issue was not raised in defendant's initial moving papers, the United States has not had an adequate opportunity to respond, and the issue is thus not properly before the court. If defendant intends to bring a motion related to that issue, defendant's counsel shall promptly meet and confer with counsel for the United States regarding an appropriate briefing schedule that allows the court sufficient time to consider the motion and

For these reasons, the court denies the motion.

At the March 9, 2016 hearing, the court also confirmed the trial and related deadlines outlined in the court's previous February 11, 2016 order.  (ECF No. 13.)  Counsel are cautioned that those deadlines will be strictly enforced.  The court further indicated that defendant himself was expected to appear at all future hearings and conferences in this case, unless an appropriate waiver is on file.[3]

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss (ECF No. 14) is DENIED.
2. All trial and related deadlines outlined in the court's previous February 11, 2016 order are CONFIRMED.
3. Defendant himself shall appear at all future hearings and conferences in this case, unless an appropriate waiver is on file.

IT IS SO ORDERED.

Dated:  March 10, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

does not otherwise interfere with the case deadlines in this matter.

[3] Defendant's counsel requested that the court waive his client's presence and proceed with the March 9, 2016 hearing on the motion to dismiss, and the United States had no objections to that request.  Due to the legal nature of the motion to dismiss, the court granted defendant's counsel's request for purposes of the March 9, 2016 hearing only.