UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  2:15-cr-210-KJN |
| Plaintiff, | |
| v. | ORDER |
| JAMES A. CHAVEZ, | |
| Defendant. | |

INTRODUCTION

In this criminal case, defendant James Chavez is charged with, *inter alia*, possession of a controlled substance in violation of 21 U.S.C. § 844(a).  (ECF No. 1.)  A jury trial was scheduled for April 4, 2016.  (ECF No. 13.)

Before the court is the defendant's request to assert the affirmative defense of mistake of fact, defendant's request for judicial notice, and the United States' motion in limine to exclude information related to medical marijuana and California law.  (ECF Nos. 20, 25, 28.)  Pursuant to a special briefing schedule set by the court (ECF No. 31, as modified by ECF No. 33), respective opposition briefs were filed (ECF Nos. 34, 35), and a hearing was held on March 28, 2016.  At the March 28, 2016 hearing, Benjamin Nelson appeared on behalf of the United States, and Steve Whitworth appeared on behalf of defendant, who was present in court.

1

1    After carefully considering the parties' written briefing, the oral argument, the court's

2 record, and the applicable law, the court DENIES defendant's request to assert the affirmative

3 defense of mistake of fact, DENIES defendant's request for judicial notice, and GRANTS the

4 United States' motion in limine to exclude information related to medical marijuana and

5 California law.

6 DISCUSSION

7    "Irrelevant evidence is not admissible."  Fed. R. Evid. 402.  "Evidence is relevant if:  (a) it

8 has any tendency to make a fact more or less probable than it would be without the evidence; and

9 (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Therefore, if

10 evidence is not relevant to any of the elements of a charge or a cognizable defense to that charge,

11 the evidence is not admissible.  "A defendant is entitled to have the jury instructed on his or her

12 theory of defense, as long as that theory has support in the law and some foundation in the

13 evidence."  United States v. Perdomo-Espana, 522 F.3d 983, 986-87 (9th Cir. 2008).  "However,

14 where the evidence, even if believed, does not establish all of the elements of a defense, ... the

15 trial judge need not submit the defense to the jury."  Id.; see also Wood v. Alaska, 957 F.2d 1544,

16 1549 (9th Cir. 1992) (noting that a defendant has no right to present irrelevant evidence).

17    Defendant's Request to Assert the Affirmative Defense of Mistake of Fact

18    The Controlled Substances Act ("CSA") provides, in pertinent part, that: "[i]t shall be

19 unlawful for any person knowingly or intentionally to possess a controlled substance…."  21

20 U.S.C. § 844(a).  Defendant contends that the United States cannot establish the requisite *mens*

21 *rea* element of the offense, because defendant "reasonably believed that he was legally cultivating

22 marijuana on California land controlled by California law," and thus did not knowingly or

23 intentionally possess a controlled substance.  (ECF No. 28 at 2.)  Defendant wishes to offer

24 evidence of what he characterizes as a "mistake of fact" defense, including testimony that

25 defendant, who purportedly has a valid medical marijuana recommendation from a physician, had

26 leased a parcel of property in the Tahoe Basin with the understanding from the leaseholder that

27 defendant could legally grow marijuana on the property as long as defendant complied with

28 California law.  (Id. at 2-3.)

1   Even a relatively cursory review of the applicable law would reveal that defendant's

2   arguments border on the frivolous.  For the reasons discussed below, such proffered evidence,

3   even if believed, is plainly not "of consequence in determining the action," Fed. R. Evid. 401, and

4   is therefore not properly admissible.

5   As an initial matter, defendant's subjective belief regarding the legality of his possession

6   and cultivation of marijuana is irrelevant, because the only knowledge required for the *mens rea*

7   element of the crime here is knowledge that defendant possessed marijuana, not that he knew that

8   such possession was illegal.  See United States v. Delgado, 357 F.3d 1061, 1067 (9th Cir. 2004)

9   ("Although the Government had to prove that Delgado knew he possessed some prohibited

10  substance, he did not necessarily need to know that such possession constituted a violation of the

11  law.") (abrogation on other grounds recognized by United States v. Katakis, 800 F.3d 1017 (9th

12  Cir. 2015)).  Indeed, "any other rule would be tantamount to compelling the Government to

13  disprove an ignorance of the law defense."  Delgado, 357 F.3d at 1067.

14  Furthermore, any mistake of fact by defendant as to whether the parcel of property with

15  the marijuana was located on federal land or on California land is likewise irrelevant.  The

16  applicable statute does not limit its reach to federal land, and thus there is unsurprisingly no

17  requirement that the defendant knew that he was on federal land.  See 21 U.S.C. § 844(a).

18  Indeed, the United States Supreme Court has clearly indicated that the CSA prohibits cultivation

19  and possession of marijuana on non-federal property.  See Gonzales v. Raich, 545 U.S. 1 (2005)

20  (rejecting a Commerce Clause challenge to the CSA, and interpreting the act to legitimately

21  prohibit the intrastate, non-commercial cultivation and possession of marijuana for personal

22  medical purposes, in compliance with California's Compassionate Use Act, on private property).

23  To the extent that defendant again argues that the CSA has been rendered inoperative, or

24  unenforceable by the United States, on non-federal land in California by virtue of the 2015 and

25  2016 appropriation acts, the court has already rejected that argument in its order denying

26  defendant's prior motion to dismiss, for the reasons set forth in that order.  (See ECF No. 19.)[1]

27

28  [1] Moreover, even assuming *arguendo* that defendant's interpretation regarding the impact of the
    appropriations acts were correct, his mistake of fact defense remains not viable.  Here, it is

3

In light of the above, and contrary to defendant's argument, defendant's alleged ignorance that he was on federal land is not an "independently determined legal status or condition that is one of the operative facts of the crime." United States v. Fierros, 692 F.2d 1291, 1294 (9th Cir. 1983).  The cases relied upon by defendant are clearly inapposite, because they involved statutes requiring the defendant's specific knowledge of some unlawful status.  See Fierros, 692 F.2d at 1294 (involving illegal harboring and transport of aliens, where the statute specifically required knowledge of the alien's illegal status); United States v. Petersen, 513 F.2d 1133, 1134-35 (9th Cir. 1975) (involving a conspiracy to dispose of federal property without legal authority, where the statute required knowledge regarding the embezzled or stolen status of the property).  By contrast, no such special knowledge requirement exists with respect to 21 U.S.C. § 844(a).  As discussed above, defendant is simply incorrect when he asserts that, "had the facts been as Defendant reasonably believed them to be (a.k.a. that he was on California land) he would not have been subject to federal prosecution."  (ECF No. 35 at 2.)

Finally, contrary to defendant's contention, 21 U.S.C. § 844(a) does not involve a complex regulatory scheme that has the "potential of snaring unwitting violators" such that an unusual defense of ignorance of the law should be read into the statute.  Fierros, 692 F.2d at 1295 (primarily referencing certain complex and arcane tax laws).  By contrast, the prohibition of 21 U.S.C. § 844(a) is clear, and marijuana has for many years been subject to federal government regulation.  Id.  Defendant's unsuccessful attempts to manufacture confusion[2] regarding the

---

undisputed that the parcel of land at issue was *actually* located on federal land.  As such, even under defendant's interpretation, the appropriations acts would not bar the prosecution of this alleged federal crime on federal land, and defendant provides no plausible theory as to how his own subjective mistake of fact as to location could change the government's *authority* to prosecute.

[2] As another example, defendant claims confusion as a result of what defendant characterizes as the at least concurrent state and federal jurisdiction conferred over national forests by 16 U.S.C. § 480.  However, such confusion is entirely unwarranted when the express language of the statute is considered.  16 U.S.C. § 480 explicitly provides that the jurisdiction, both civil and criminal, of states over persons within national forests "shall not be affected or changed by reason of their existence, *except so far as the punishment of offenses against the United States therein is concerned*…."  16 U.S.C. § 480 (emphasis added).  In any event, 16 U.S.C. § 480 is a red herring, because, as discussed above, the CSA prohibits cultivation and possession of marijuana even on

1   federal statute's scope and enforcement, as discussed above, are entirely unpersuasive.  In any

2   event, defendant provides no binding, or even persuasive, legal authority in which a defense of

3   ignorance of the law had been read into 21 U.S.C. § 844(a).

4       Therefore, the court denies defendant's request to present the above-mentioned "mistake

5   of fact" defense to the jury.

6       Defendant's Request for Judicial Notice

7       Defendant has also requested the court to take judicial notice of three expert declarations

8   that were previously filed in conjunction with a motion to dismiss the indictment in another action

9   in this court, United States v. Pickard, 2:11-cr-449-KJM, ECF Nos. 199-2, 199-3, 199-4, in which

10  the defendant raised various constitutional challenges to the continued inclusion of marijuana as a

11  Schedule I controlled substance.  (ECF No. 25.)  The declarations primarily address the history of

12  marijuana legislation, law enforcement efforts related to marijuana, marijuana cultivation, and the

13  medical use or medical necessity of marijuana.

14      As an initial matter, the court denies defendant's request to take judicial notice of the

15  declarations pursuant to section 452(d) of the California Rules of Evidence, because the

16  California Rules of Evidence do not generally apply in federal court.

17      Additionally, even if the court liberally construed defendant's request to be pursuant to

18  Federal Rule of Evidence 201(b), judicial notice of the contents of such declarations would be

19  inappropriate.  That rule provides, in pertinent part, that "[t]he court may judicially notice a fact

20  that is not subject to reasonable dispute because it…(2) can be accurately and readily determined

21  from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  By

22  contrast, the facts set forth in the above-mentioned declarations are subject to reasonable dispute.

23  Indeed, in the Pickard action, the declarations and testimony of the experts who authored the

24  declarations were heavily disputed by the government's own expert testimony, and the

25  government ultimately prevailed on the motion after an extensive evidentiary hearing.  See

26  United States v. Pickard, 2:11-cr-449-KJM, ECF No. 392.  The court here takes no position on

27

28  non-federal property.

1    the respective qualifications of the experts who authored the declarations or the merits of the

2    constitutional issues raised in <u>Pickard</u>, but merely points out that the contents of the declarations

3    from <u>Pickard</u> are plainly not appropriate for judicial notice pursuant to Federal Rule of Evidence

4    201(b).

5         Moreover, the declarations are simply not relevant to this action.  Defendant here has not

6    raised a constitutional challenge to the continued inclusion of marijuana as a Schedule I

7    controlled substance, and a motion in limine addressing the admissibility of evidence is not the

8    appropriate vehicle to do so.  To the extent that defendant wishes to introduce evidence regarding

9    medical use or medical necessity of marijuana, defendant will not be permitted to do so, because

10   the United States Supreme Court has already held that there is no medical necessity exception to

11   the prohibitions of the CSA.  <u>See</u> <u>United States v. Oakland Cannabis Buyers' Cooperative</u>, 532

12   U.S. 483, 486 & n.7 (2001).

13        Consequently, the court denies defendant's request for judicial notice.

14        <u>United States' Motion in Limine to Exclude Information Related to Medical Marijuana</u>

15        <u>and California Law</u>

16        The United States moves to exclude:  (1) the introduction of all evidence and argument

17   concerning California law, the requirements or existence of the California Compassionate Use

18   Act, the legality of the defendant's conduct under California law, and the medical use or medical

19   necessity of marijuana; (2) defendant's beliefs or understandings regarding the legality of

20   marijuana or California law; (3) defendant's beliefs or understandings regarding the ownership of

21   the parcel of land at issue or defendant's authorization to possess and cultivate marijuana there;

22   and (4) any similar arguments which involve medical marijuana or California law.  (ECF No. 20.)

23        In light of the above discussion, the court grants the United States' motion in full,

24   because, regardless of the sincerity of defendant's beliefs, such evidence, argument, and/or lines

25   of inquiry are irrelevant under Federal Rules of Evidence 401 and 402.  The court cautions the

26   parties that an attempt by any party at trial to circumvent the court's rulings on motions in limine

27   and/or to engage in jury nullification will result in the imposition of substantial sanctions on that

28   party.

1    CONCLUSION

2          Accordingly, IT IS HEREBY ORDERED that:

3          1.   Defendant's request to assert the affirmative defense of mistake of fact (ECF No. 28)

4               is DENIED.

5          2.   Defendant's request for judicial notice (ECF No. 25) is DENIED.

6          3.   The United States' motion in limine to exclude information related to medical

7               marijuana and California law (ECF No. 20) is GRANTED.

8          IT IS SO ORDERED.

9    Dated:  March 29, 2016

10

11   _____
     KENDALL J. NEWMAN
12   UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7